# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ALONZO WILLIAMS,<br><br>                Defendant. | Case No. 3:23-cr-00086-SLG-KFR-1 |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Dockets 92 and 93 are Defendant Alonzo Williams' Motion to Suppress and Motion for Evidentiary Hearing. The Government filed a response in opposition to the motions at Docket 101. The motions were referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 118, Judge Reardon issued his Report and Recommendation, in which he recommended that the Motion for Evidentiary Hearing be DENIED and that the Motion to Suppress be DENIED. Objections to the Report and Recommendation were filed by Mr. Williams at Docket 131, to which the Government replied at Docket 134.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]

The Court has reviewed, de novo, the motions and related filings as well as the report and recommendation. Defendant's objections are without merit. Far from being "scant," there was ample evidence to support the magistrate judge's probable cause determination.[3] The Jetta Mr. Williams drove had just recently been seen at the Jackpot address; the parcel that Mr. Williams picked up at that residence had contained over 16,000 grams of suspected fentanyl pills before law enforcement removed them and obtained the separate warrant to place the GPS tracker on the parcel; and Mr. Williams retrieved that package from the Jackpot address and took it to his residence. This amply supports a probable cause determination to permit the search of Mr. Williams' home for drug trafficking evidence, even if there is no direct evidence that Mr. Williams knew that the package had contained the pills. Further, in the Ninth Circuit "it is well-established in this Circuit that mere possession of a substantial quantity of drugs will support an inference of knowledge."[4] And Defendant's objection does not take issue with the Magistrate Judge's conclusion that the search of the Malibu fell within the ambit of the warrant, even if the officer could not see what was inside it due to the tinted

---

[2] *Id.*

[3] Docket 131 at 2.

[4] Docket 118 at 12 n.82 (citing *United States v. Davila-Escovedo*, 36 F.3d 840, 843 (9th Cir. 1988)).

Case No. 3:23-cr-00086-SLG-KFR-1, *USA v. Williams*
Order re Report and Recommendation
Page 2 of 3

Case 3:23-cr-00086-SLG-KFR    Document 141    Filed 11/06/24    Page 2 of 3

windows.[5] Application of the *Leon* exception is thus unnecessary in this case; regardless, the Court agrees on de novo review with the Magistrate Judge's analysis of that issue as well.

The Court further concurs, on de novo review, that no *Franks* hearing was warranted. The Court has reviewed the transcript of the search warrant application and does not find that it contains any indication that the officer intentionally misled the state court judge. Indeed, after the judge stated that "this individual picked up a parcel that contained 60,000 grams of fake M-30 pills," the officer corrected the judge to state that it "was an empty parcel with sham and three -- eight fentanyl pills as a representative sample."[6]

For the foregoing reasons, the Report and Recommendation at Docket 118 is ADOPTED in its entirety and the Motion to Suppress at Docket 92 and Motion for Evidentiary Hearing at Docket 93 are each DENIED.

DATED this 6th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[5] Docket 118 at 8-9.

[6] Docket 92-1 at 7, 8.

Case No. 3:23-cr-00086-SLG-KFR-1, *USA v. Williams*
Order re Report and Recommendation
Page 3 of 3
Case 3:23-cr-00086-SLG-KFR    Document 141    Filed 11/06/24    Page 3 of 3