# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 23 CR 00086 |
| | ) | |
| ALPHONSO WILLIAMS, | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendant*. | ) | |

## **ORDER**

Before the Court is Defendant Alphonso Williams's Motion to Sever, (Dkt. 152), which Codefendant Alonzo Williams joins. (Dkt. 157).[1] The Government opposes the motion. (Dkt. 158). For the following reasons, the Motion to Sever is denied.

Properly joined defendants, like Alphonso and Alonzo Williams, can move to sever their joint trial under Federal Rule of Criminal Procedure 14(a). Severance, however, is the exception rather than the rule, and there is a "preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). A district court should grant a severance under Rule 14 only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.

Alphonso's Motion to Sever is almost entirely premised on the idea that "[t]he Government's case against defendants relies significantly on evidence stemming from the unlawful arrest of Alphonso at the Anchorage airport." (Dkt. 152 at 2). While the Court has ordered that evidence suppressed as to Alphonso, he believes "in a joint trial, it would likely be available against Alonzo." (*Id.*) In certain circumstances, severance is warranted because "evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro*, 506 U.S. at 539; *see also United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998). That is not this case. In its response to the Motion to Sever, the Government plainly states that any evidence directly connected to Alphonso's August 21 arrest will "not be used in the government's case in chief in a joint trial." (Dkt. 158 at 3). The Government further assures the defense and the Court that it would "only seek to introduce this evidence if the defendants opened the door to [it] . . . . [and] would make an application to the Court outside the presence of the Court before doing so." (Dkt. 158 at 3–4). These assurances are sufficient to minimize any risk of prejudice to Alphonso, rendering severance unnecessary.

Alphonso's only remaining argument is that there is a possibility of Alonzo "turn[ing] . . . into a co-prosecutor with the Government." (Dkt. 152 at 9). Antagonistic defenses in joint trials are not uncommon and the "desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Instead, a defendant seeking severance on this basis must demonstrate "that

---

[1] The Court will refer to Alphonso and Alonzo Williams by their first names.

1

the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *Id.* Alphonso falls well short of this required showing. Any prejudice stemming from the mere possibility of antagonistic defenses in this case is speculative and, in any event, can be addressed and adequately remedied at trial with "less drastic measures, such as limiting instructions." *Zafiro*, 506 U.S. at 539 (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

Alphonso and Alonzo have not demonstrated anything "so manifestly prejudicial as to require . . . a separate trial." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996). Risk of "[s]pillover prejudice," especially given the Government's assurances, is low, rendering a severed trial unnecessary. (Dkt. 152 at 9).

For the reasons set forth above, Alphonso and Alonzo Williams's Joint Motion to Sever [152, 157] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 27, 2025